IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. SONYA WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br><br>DR. KEVIN J. NOHELTY, Superintendent, in his official and individual capacity, and DOLTON WEST SCHOOL DISTRICT 148 BOARD OF EDUCATION,<br><br><br><br><br><br>Defendants. | Case No.: 24-cv-08308<br><br>Assigned Judge: Franklin U. Valderrama<br><br><br><br>Related Case No.: 25-cv-06055<br><br>Assigned Judge: Mary M. Rowland<br><br>(Circuit Court of Cook County, Illinois, Civil Action No. 2025 L 005724) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND/OR REASSIGN RELATED CASE

Defendants, DR. KEVIN J. NOHELTY ("Nohelty") and the DOLTON WEST SCHOOL DISTRICT 148 BOARD OF EDUCATION ("District"), (also collectively "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42 and Local Rule ("LR") 40.4, hereby state as follows for their Reply in Support of their Motion to Consolidate and/or Reassign Related Case.

### OVERVIEW

Plaintiff filed this action in September 2024. (Dkt. 38, *Motion*, **Exhibit A**) ("Instant Case"). In the Instant Case, Plaintiff is seeking "declaratory relief, injunctive relief, back pay, front pay, compensatory damages, punitive damages, and other remedies for violations of Plaintiff's constitutional statutory rights under 42 U.S.C. 1981, 42 U.S.C. 1983, the Illinois Whistleblower

1

Act, for breach of contract under Illinois law, for abuse of process under Illinois law, for defamation under Illinois law, and for civil conspiracy under 42 U.S.C. 1985(3)." (Dkt. 38, *Motion*, Ex. A, ¶ 1).

In April 2025, Plaintiff filed an additional matter in the Illinois Circuit Court, Cook County, Law Division (the "Related Matter") (Dkt. 38, *Motion*, **Exhibit B**). In the Related Matter, Plaintiff is seeking "declaratory relief, injunctive relief, back pay, front pay, compensatory damages, liquidated damages, and other remedies for violations of Plaintiff's rights under the Illinois Whistleblower Act, breach of employment contract, violations of due process, defamation, and tortious interference with contract." (Dkt. 38, *Motion*, Ex. B, ¶ 1).

Both of these cases arise from the same alleged retaliation that was leveled against her for reporting "concerns" relating to the fiscal management of the District starting in May 2024 that ultimately led to her July 2024 suspension with pay, her September 2024 suspension without pay, an allegedly biased termination proceeding before the District's School Board, and, as the Related Case was more recently filed, her discharge from the District in January 2025 for misconduct. (Dkt. 38, *Motion*, Ex. B, ¶¶ 7-35).

The Instant Case and Related Matter stem from the same set of facts and seek the same damages. The Instant Case and Related Matter seek recovery for the same injuries. Many of the factual allegations set forth in the Related Matter were taken verbatim from the factual allegations in the Instant Case. Even some of the counts – such as the violation of the Illinois Whistleblower Act claim (Dkt. 38, *Motion*, Ex. A, Count III v. Ex. B. Count I) and breach of employment contract (Dkt. 38, *Motion*, Ex. A, Count IV v. Ex. B, Count II) are identical or essentially identical between the two cases.

As Defendants established in their Motion, it is proper to consolidate the Related Matter with the Instant Case under the applicable consolidation rules. Both cases deal with the same operative facts, and even some of the same claims. It would be inefficient and improper to invite the potential for different determinations of the same set of facts.

Plaintiff, for whatever reasons, disagrees. While she acknowledges that the Court can consolidate cases that involve a common question of law _**or**_ fact, and while she agrees that the decision to consolidate rests within the broad discretion of the Court based on an overall balancing test including judicial economy, Plaintiff argues that the Instant Case and Related Matter are completely different and should not be consolidated. Plaintiff's arguments are without merit, misleading, or outright incorrect. Defendants' Motion should be granted.

## DISCUSSION

**A.     General Rule**

"Under Rule 42, the Court may consolidate cases involving a common question of law or fact." *U.S. Bank Nat'l Ass'n v. Springfield Prairie Props., LLC*, 2015 U.S. Dist. LEXIS 192004, *3, 2015 WL 13333510 (citing Fed. R. Civ. P. 42(a)). "The question of whether to consolidate is a matter of discretion for the trial court." *Id*. (quoting *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 U.S. Dist. LEXIS 88303, *3 (N.D. Ill. May 28, 2008)). "In exercising that discretion, the Court should consider the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ibid* (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)). "The Court should also consider whether consolidation will cause delay or will prejudice any party." *Ibid* (citing *In re Nuveen Fund Litig.*, No. 94 C 360, 1994 U.S. Dist. LEXIS 13098, *4-5 (N.D. Ill. Sept. 9, 1994)) (internal quotations omitted).

**B.     The Motion is not Premature**

Plaintiff has sought to remand the Related Matter back to the Circuit Court of Cook County and her motion is pending in the Related Matter. (See Case No. 1:25-cv-6055, Dkt. 6). Plaintiff argues that consolidation is premature while jurisdiction over the Related Matter is being contested. (Dkt. 40, Response, at 3-4). This position ignores the fact that Judge Mary M. Rowland, the presiding judge in the Related Matter, has stayed briefing on Plaintiff's motion to remand to allow this Court to rule on the instant Motion. (See Case No. 1:25-cv-6055, Dkt. 10).[1]

Further, Plaintiff's motion to remand is without merit, and rests upon her confusing the "artful pleading doctrine" with the "complete preemption doctrine" (two separate doctrines) and the strained legal fiction that her suspension and termination are two separate unrelated events, among other erroneous arguments. (Case No. 1:25-cv-6055, Dkt. 6). Defendant is confident that the motion to remand will be denied. But in any case, it is proper and indeed contemplated that this Court will rule on this Motion first.

**C.     The Actions Involve the Same Factual Core and Many Legal Issues**

Plaintiff's opposition to consolidation rests on the premise that the Instant Case and Related Matter are fundamentally different actions. She claims that this is so because the Instant Case is a federal civil rights action, while the Related Matter is a state law action challenging a flawed termination process, so they are fundamentally different. (Dkt. 40, *Response*, at 4-5). This strained attempt at a dichotomy does not pass scrutiny. To summarize and compare the two pleadings:

---

[1] Judge Rowland's order, entered on June 23, 2025, holds: "MINUTE entry before the Honorable Mary M. Rowland: The court erred in setting a status for 6/24/25. The status hearing is stricken. The Court notes that defendant has filed a motion to consolidate. The Court stays briefing on Plaintiff's motion to remand 6 to allow Judge Valderrama to rule on the pending motion to consolidate. Parties are to file a status report on the motion to consolidate by 9/30/25." This order was entered after a status hearing to determine the most efficient way to handle this matter. (See Case No. 1:25-cv-6055, Dkt. 9).

4

- Paragraphs 7-10 (Both cases) – Alleging her employment agreement, that she was doing well in her job, and that she reported concerns about fiscal management to the board of education beginning in May 2024.

    **Comparison** - Identical.

- Paragraph 11 (Both cases) – Alleging that she raised concerns about public fund management to the Board president via voicemail message, specifically the use of ESSER III funds in June 2024.

    **Comparison** - Identical, except she added some examples of her "concerns" over the allocation of the ESSER III funds in the Related Matter

- Paragraphs 12-14 (Both cases) – Alleging that she raised concerns with Board members and Nohelty in June 2024 and that Nohelty directed her to make changes to the ESSER III grant.

    **Comparison** - Identical.

- Paragraphs 15-16 (Both cases) – Alleging her exclusion from meetings thereafter and her suspension with pay on July 2, 2024.

    **Comparison** - Identical.

- Paragraph 17 (Related Matter) – Alleges that on the same day of her suspension (July 2, 2024) Nohelty had staff investigate Plaintiff for misconduct.

    **Comparison** - New allegation in the Related Matter but clearly relates to the course of conduct alleged in the Instant Case that ultimately led to suspension, charges, hearing, and termination.

- Paragraph 17 (Instant Case) and Paragraph 18 (Related Matter) - Alleging that on August 7, 2024, she spoke with the Illinois State Board of Education about her concerns – in other words, the "whistleblowing" activity.

    **Comparison** - Identical

- Paragraph 18-19 (Instant Case) and Paragraphs 19-20 (Related Matter) – Alleging that Nohelty issued a pre-suspension notification letter on August 19, 2024 advising her that the Board intended to suspend her without pay and terminate her for misconduct (theft of public property and harassment), and alleging that this notice violated Board policy and due process.

    **Comparison** - Identical

5

- Paragraphs 20-21 (Instant Case) – Alleging that formal charges to terminate her were issued and that she was suspended without pay on September 5, 2024

  **Comparison** - Omitted from the Related Matter, perhaps because Plaintiff started to realize she was pleading an action which was absolutely identical to the Instant Case. However, all of the "new" allegations in the Related Matter are directly related to the pre-suspension and termination charges alleged in the Instant Case.

- Paragraphs 22 (Related Matter) – Alleges that the Board became aware of the "District's financial status" for the first time in September 2024.

  **Comparison** – "New" allegation in the Related Matter. Defendants are uncertain of the significance of this allegation but it is part of the factual timeline alleged in the Instant Case.

- Paragraphs 23-25 (Related Matter) – Alleges that a biased hearing officer was appointed by the Board at the Board's September 5, 2024 meeting to preside over her termination proceedings.

  **Comparison** - These allegations are "new" in the Related Matter but it must be pointed out that in both Instant Case and Related Matter, Plaintiff alleges that "Defendants manipulated the disciplinary process by presenting unsubstantiated allegations and deliberately violating established procedures to expedite Dr. Whitaker's removal without proper investigation or due process". (Ex. A, 25 v. Ex. B, 28). The issue of the hearing officer's appointment would tie to this and can be explored during discovery in the Instant Case if the matters are consolidated as it is related to what Plaintiff is generally alleging in Paragraphs 25 of the Instant Case and Paragraph 28 of the Related Matter.

- Paragraph 22 (Instant Case) and Paragraph 26 (Related Matter) –Returning to common allegations, Plaintiff alleges that Nohelty and the Board President met in multiple private meetings to discuss ways to remove Plaintiff from her position after she raised concerns of wrongdoing.

  **Comparison** - Identical.

- Paragraphs 23-24 (Instant Case) – Alleges that she was the only African-American in senior leadership and that she was treated differently than non-minority males.

  **Comparison** - Omitted from the Related Matter, as she has a Section 1981 claim pending in the Instant Case.

- Paragraph 27 (Related Matter) – Alleges that Nohelty and the Board chair engaged in witness manipulation during Plaintiff's termination proceedings by offering multi-year contracts to witnesses to secure testimony.

6

- **Comparison** - This is a "new" allegation in the Related Matter but see above. It is related to what Plaintiff is generally alleging and thus can be explored during discovery in the Instant Case.

- Paragraph 25 (Instant Case) and Paragraph 28 (Related Matter) Plaintiff alleges that Defendants manipulated the disciplinary process.

  **Comparison** - Identical except Plaintiff adds a "motive" in the Related Matter – that the manipulation was done to silence her, which she is overall alleging in the Instant Case.

- Paragraphs 29-37 (Related Matter) – Alleges that flawed termination proceedings occurred between September and December 2024 which led to her termination on January 16, 2025.

  **Comparison** - These are new allegations because the termination proceedings occurred after the Instant Case was filed. But they stem from the disciplinary process and charges detailed in the Instant Case.

- Paragraph 38 (Related Matter) – A most telling paragraph for purposes of this Motion. This paragraph alleges that her whistleblowing activities were what led to all of the adverse actions she contends that she suffered, which of course includes the adverse actions detailed in the Instant Case, the termination proceedings which stemmed from them alleged in the Related Matter, and her ultimate alleged damages, which are the same between the two cases.

- Paragraph 26 (Instant Case) and Paragraph 39 (Related Matter) – In the Related Matter, she alleges that "[a]s a result of Defendant's actions, Dr. Whitaker has suffered loss of income exceeding $250,000, severe and extreme emotional distress, legal fees and costs, and significant damage to her professional reputation in the education community."

  **Comparison** - Identical to the Instant Case except she added the word "extreme" to her alleged emotional distress and expressly states she is seeking legal fees and costs, which she is also seeking in the Instant Case.

Even some of her counts are identical. In Count I of the Related Matter, she alleges a violation of the Illinois Whistleblower Act. (Dkt. 38, *Motion*, Ex. B, Count I). She makes the same claim in Count III of the Instant Case. (Dkt. 38, *Motion*, Ex. A, Count III). In Count II of the Related matter, she alleges a breach of her employment contract. She makes the same claim in Count IV of the Instant Case, with the only superficial difference being the former alleges that her contract was breached as a result of her termination allegedly without cause, while the latter contends that her contract was breached by her suspension and attempt to terminate her without

7

cause. She also essentially has due process claims pled in both the Instant Case (Count V) and the Related Matter (Count III).

Under FRCP 42(a), actions may be consolidated if they involve common questions of law and fact. Whether to consolidate cases is within the sound discretion of the trial court. (Dkt. 38, *Motion*, at 5, citing *Pactiv Corp. v. Multisorb Techs., Inc.,* 2011 U.S. Dist. LEXIS 15991, at *1 (N.D.Ill.); *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992); and *Mutual Life v. Hillmon*, 145 U.S. 285, 292, (1892). Cases are "related" for reassignment purposes when: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." (Dkt. 38, *Motion,* at 5, citing LR 40.4(a)).

For the reasons discussed in Defendants' Motion and as reiterated above, these elements are clearly satisfied here, and Plaintiff offers no compelling arguments to the contrary.

**D.     Duplication and Possible Inconsistency will Result if the Matters are Not Consolidated**

Plaintiff argues, without factual support or common logic, that consolidation would cause delay and prejudice. (Dkt. 40, *Response*, at 6). Plaintiff argues that there would be delay because an initial round of written discovery has proceeded in the Instant Case while it has not in the Related Case. (Dkt. 40, *Response*, at 6). But Plaintiff fails to identify how discovery will be any different or how she will be unable to use the discovery already propounded to litigate the "new" claims in the Related Case. Nor can she given that they arise out of the same set of core facts.

Plaintiff argues that there will be prejudice because the jury will somehow become confused because they will have to "parse different legal standards for federal civil rights claims, state constitutional claims, and various common law torts." (Dkt. 40, *Response*, at 6). Juries deal with multiple count complaints all the time, and there are jury instructions to help guide them.

Further, the jury in the Instant Case, were this matter to ever get to a jury trial, will have to deal with both state and federal law claims regardless. Plaintiff fails to establish how the jury's task will be more difficult if the matters are consolidated, much less how she will be prejudiced.

Denying the Motion is what will cause the potential for prejudice and delay. Consolidation should be allowed where "not consolidating the cases would lead to duplicative trial and discovery practice and would force two judges in this District to make factual findings regarding similar issues, creating the possibility of inconsistency. . . [s]uch an outcome would not serve the interests of justice or judicial economy." *Springfield Prairie Props., LLC*, 2015 U.S. Dist. LEXIS 192004 at * 4 (citing *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D. Ill. 1972) and *Prochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* No. 11 C 2240, 2011 U.S. Dist. LEXIS 102213, *9 (N.D. Ill. Sept. 9, 2011)).

That is what may occur if these matters are litigated separately. There would be a colossal waste of resources by both parties and the potential for inconsistent rulings on the same shared factual issues. That risk is completely unnecessary given that both cases clearly arise out of the same set of facts and contain duplicative claims and potential evidence.

### E. Plaintiff's Cited Cases are Distinguishable

The only case law Plaintiff cites in support of her opposition to the Motion is *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) and *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990). (Dkt. 40, *Response*, at 4). Neither case supports the denial of this Motion. In *Shamrock*, the Supreme Court interpreted Section 28 of the Judicial Code of 1887, which expressly held that only a defendant could remove a case to Federal court under that section. *Ibid* at 102 (analyzing 28 U. S. C. § 71). At issue in *Shamrock* was whether a plaintiff/counter-defendant could exercise this right of removal. *Ibid* at 103. In holding that they could not, the Supreme Court

analyzed the history and context of Section 28 and held that Congress intentionally omitted plaintiffs from exercising the right of removal and that it would be inappropriate to read the statute to allow some original plaintiffs a right of removal but not others. *Ibid* at 104-09.

Defendants are not seeking to remove this case under Section 28 of the Judicial Code of 1887. They are seeking to consolidate the Related Matter and the Instant Case under FRCP 42. There is no dispute that FRCP 42 applies here and thus the issue of statutory construction presented in *Shamrock* is inapplicable, and nothing else in *Shamrock* bears on the instant Motion or presents an argument against granting the Motion.[2]

*Boyer* also has nothing to do with consolidation of two federal court cases. In *Boyer*, the plaintiff, a former Snap-On tool dealer, sued defendant Snap-On and two of its agents in Pennsylvania state court for fraud and deceit, fraudulent conspiracy, interference with contract, wrongful termination of dealership, violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, and intentional infliction of emotional distress stemming from the termination of his agreement with defendant Snap-On. *Boyer*, 913 F.2d at 109.

Unlike here, these were all state law claims and federal jurisdiction rested on diversity of citizenship. In this regard, defendant Snap-On was a Delaware corporation and the two defendant agents were residents of Pennsylvania like the plaintiff, which theoretically defeated diversity of citizenship. *Ibid*. The defendants filed a removal petition to federal court, however, alleging that the plaintiffs' claims against the individual Pennsylvania defendants were a sham and therefore, there was complete diversity of citizenship which properly placed the matter before the district court. *Ibid* at 110.

---

[2] It should be further pointed out that the statute analyzed in *Shamrock* was later superseded, limiting the relevance of *Shamrock* outside its narrow holding. See *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003).

The plaintiffs filed a motion to remand the matter back to state court under 28 U.S.C. § 1447(c) and the district court denied the motion, holding that while the individual defendants were residents of Pennsylvania like the plaintiffs, the individual defendants would prevail on a motion for summary judgment and thus, ostensibly, there were no valid claims alleged against them and that there was complete diversity of citizenship invoking federal jurisdiction. *Ibid*.

The district court then granted summary judgment in favor of the defendants and the plaintiffs appealed, arguing that the district court did not have jurisdiction to enter summary judgment in favor of the defendants because the case should have been remanded to state court. *Ibid*. The Third Circuit agreed and vacated the judgment and remanded the matter to state court. *Ibid* at 113. In so ruling, the Third Circuit noted that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Ibid* at 111. Because the defendants were alleging that the plaintiffs had fraudulently joined the individual defendants to destroy diversity jurisdiction, the defendants bore a "heavy burden of persuasion" on that point. *Ibid*. The Third Circuit analyzed the record and determined that the defendants had not met this heavy burden. *Ibid* at 111-113.

*Boyer* is not on point. The instant Motion requests consolidation of two related cases under FRCP 42. As discussed in the Motion and in this Reply, Defendants have established the elements for consolidation under the Rule. Plaintiff has filed a motion to remand this matter to state court and this Court can address that motion once the cases are consolidated. Indeed, that is what the presiding judge in the Related Matter is contemplating will occur. (See Case No. 1:25-cv-6055, Dkt. 10). Like in *Shamrock*, there is nothing in *Boyer* which warrants the denial of the instant Motion.

**CONCLUSION**

Consolidating the two matters satisfies the requirements of LR 40.4(b). Both matters are pending in this Court. See LR 40.4(b)(1). Consolidating thee two matters for "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort." See LR 40.4(b)(2). Because the two matters arise out of the same occurrence or conduct (Plaintiff's discipline and termination from the District), consolidation "is likely to result in a substantial saving of judicial time and effort," as the same discovery, motion practice, and even trial, is likely to occur in both matters. *Ibid*. The instant matter "has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." See LR 40.4(b)(3). Plaintiff has offered no good argument against consolidation.

Therefore, Defendants respectfully ask that this Court enter an order, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.4, reassigning the Related Matter (Case No. 25-cv-06055) (the higher numbered / newer matter) to this Court for consolidation with the Instant Case (Case No. 24-cv-08308) (the lower numbered / older matter).

Respectfully submitted,

DOLTON WEST SCHOOL
DISTRICT 148 and DR. KEVIN J.
NOHELTY

By: */s/ Richard F. Bruen, Jr.*
One of Their Attorneys

Kathleen M. Kunkle / ARDC # 6281796
Richard F. Bruen, Jr. / ARDC # 6242594
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943/ Fax
kkunkle@ancelglink.com
rbruen@ancelglink.com
4931-2223-4711, v. 1